**Glenny Nicholas TENDA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73268.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

District Director, Esquire, U.S. Department of Justice Office of the District Counsel, Seattle, WA, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Kurt B. Larson, Esquire, Terri Leon–Benner, Esquire, Trial, Oil, M. Jocelyn Lopez Wright, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Glenny Nicholas Tenda, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we review for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

The BIA denied Tenda's asylum application as time barred. Tenda does not challenge this finding in his opening brief.

■ Tenda does not contend that he suffered past persecution, only that he has a fear of future persecution. Substantial evidence supports the IJ's denial of withholding of removal because, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, Tenda has not established a clear probability of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Further, Tenda failed to establish a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

■ Finally, substantial evidence supports the IJ's conclusion that Tenda did not establish it is more likely than not that he will be tortured if returned to Indonesia. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**